In the Matter of BARNEY SILVERMAN, Petitioner, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York, Respondent.

Supreme Court, Special Term, Kings County, April 12, 1944.

*Aaron Kahn* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Richard L. Baltimore, Jr.,* of counsel), for respondent.

Norton, J. For several years prior to 1939 petitioner was a licensed hack driver. Of his own volition he permitted his license to lapse at the end of 1939. Shortly after the attack upon Pearl Harbor he enlisted in the United States Army. He was thereafter promoted to the rank of a noncommissioned officer. On January 4, 1943, he was given an honorable discharge from the armed forces because of a physical disability. Subsequent to his discharge he presented an application for the renewal of his hack license. This application was denied in view of the fact that on June 24, 1941, and again on July 22, 1941, petitioner was convicted of misdemeanors for having accepted bets on horse races. Such convictions occurred between the time when the petitioner permitted the original hack license to lapse and the time when he joined the army. Following respondent's refusal to renew the license, petitioner has unsuccessfully sought in other ways to earn a livelihood. He claims to have made an application for employment in numerous business plants, but he states that his services in such places have been declined because of the existence of his physical disability. He admits having worked for a short period of time as truck driver, but owing to his physical condition could not continue. He had also obtained employment as a salesman "but such work required petitioner to lift heavy packages". He claims to have collapsed while working in the latter job. He was thereupon hospitalized at the veterans' hospital located at 130 W. Kingsbridge Road, Bronx, where he had previously received medical attention and where he remained following the collapse for a period of six weeks. On his discharge from the hospital, he was advised "that he could go back to work as a hack driver because this work was sedentary". He was also advised at the hospital that because of his physical condition he "must not again drive a truck or do other hard work", claiming that "hack driving is the only way left for him to earn a livelihood" and that "it is the only work he knows and is experienced at".

The petitioner moves herein for an order, pursuant to article 78 of the Civil Practice Act, requiring the respondent to issue the hack license requested. The question for determination here is whether, under the circumstances, the action of the respondent is to be deemed arbitrary and unreasonable. Provisions relat-

ing to the licensing and regulation of hack driving in the city of New York are found in the various subdivisions of section 436.–2.0 of the Administrative Code (L. 1937, ch. 929). Paragraph 7 of subdivision 18 of said section specifies the information to be contained in an application for a license for hack driving and as part of such information an applicant is required to state whether he has ever been convicted of a *felony*. Under said section the Commissioner is also " authorized and empowered to establish such additional rules and regulations governing the issuance of drivers' licenses, *not inconsistent herewith* as may be necessary and reasonable." (Italics supplied.) The fact that the Legislature has required that an applicant reveal whether he has been previously convicted for the commission of a *felony* but omits a similar requirement respecting a prior conviction for an act constituting merely a *misdemeanor* should be given due significance concerning the rights of the parties hereto. The above statutory provision (as identically found in article 8 of chapter 14 of the former Code of Ordinances of the City of New York) was accepted in *Matter of Baldi* v. *Gilchrist* (204 App. Div. 425) as justification for the adoption by the Police Commissioner of a regulation precluding a properly convicted felon from obtaining a license to operate a hack. Neither that nor any other provision of law, however, specifically or impliedly confers upon the Commissioner the right to withhold a license *ipso facto* upon the ground that an applicant has theretofore been found guilty of a *misdemeanor*. Although the Commissioner has been conferred with authority to establish rules and regulations governing the issuance of a license, nevertheless the regulations so adopted may not conflict with the legislative intent. Obviously the petitioner herein may not be classified as a hardened criminal merely upon the ground that twice he was convicted in the past upon charges constituting a misdemeanor. He has been convicted but has committed no crime of violence nor pepetrated any act involving moral viciousness or turpitude. Since his conviction of the petty charges above mentioned, he has served his country in its time of peril. On his restoration to civilian status he is certainly entitled to be allowed to return to a calling which is compatible with his present impaired physical condition. Under the circumstances disclosed herein it is, therefore, unreasonable that the license should be withheld. Motion granted.